WARNER, J.
We affirm the trial court’s final summary judgment determining that a subcontractor on a public works project is barred from suing the general contractor and its surety in connection with work the subcontractor performed to construct improvements in a public park. The trial court determined that because the subcontractor, Scott & Son, was unlicensed it could not recover, either in law or in equity, for its work. See § 489.128, Fla. Stat. (2003).
The subcontractor contends that it was not required to obtain a license because the general contractor was merely paying it to supply labor and equipment to repair and construct a water pipeline and perform excavation work. However, “Con *554 tractor” is defined in section 489.105(3), Florida Statutes (2003) as follows:
“Contractor” means the person who is qualified for, and shall only be responsible for, the project contracted for and means ... the person who, for compensation, undertakes to, submits a bid to, or does himself or herself or by others construct, repair, alter, remodel, add to, demolish, subtract from, or improve any building or structure, including related improvements to real estate, for others ... and whose job scope is substantially similar to the job scope described in one of the subsequent paragraphs of this subsection.
The construction of water pipelines and underground facilities is within the job scope described in the statutory provisions. See § 489.105(3)(m) — (n), Fla. Stat. (2003). Here, Scott & Son undertook to construct, repair, and add improvements to real estate through its own employees. Therefore, Scott & Son was a contractor performing work for which a license was necessary.
Although there was a dispute as to whether the supervisor for the general contractor or a supervisor for Scott & Son was directing some of the work, the statute does not turn on the level of supervision of independent contractors. Only employees of a licensed contractor performing work within the scope of the license are exempt from the contracting requirements of the statute. § 489.103(2)(a) — (b), Fla. Stat. (2003). Thus, independent contractors doing the same thing are not exempt.
We reject the remaining grounds for challenging the summary judgment.
GROSS and MAY, JJ., concur.